**Commonwealth v. Lucas**

C.P. of Lycoming County, No. CR-2072-2013

BUTTS, *J.*, Dec. 31, 2015—The defendant filed a motion to suppress evidence on June 2, 2014. A hearing on the motion was held on October 31, 2014.

## I. Background

On August 4, 2011, Eric R. Linhardt, the District Attorney of Lycoming County, moved for the appointment of special county detectives under 16 P.S. § 1441. That same day, this court appointed the following individuals as special county detectives:

(1) Any and all members of the Old Lycoming Township Police Department;

(2) Any and all members of the Williamsport Bureau of Police;

(3) Any and all members of the South Williamsport Borough Police Department;

(4) Any and all members of the Montoursville Borough Police Department;

(5) Any and all members of the Tiadaghton Valley Regional Police Department;

(6) Any and all members of the Muncy Borough Police Department;

(7) Any and all members of the Montgomery Borough Police Department;

(8) Any and all members of the Hughesville Borough Police Department;

(9) Any and all members of the Muncy Township Police Department;

(10) Any and all members of the Penn College Police Department;

(11) Any and all members of the Duboistown Borough Police Department.

The above individuals were appointed as special county detectives for the purpose of working sobriety checkpoints and DUI roving patrols in the various municipalities of Lycoming County. Linhardt testified that he received the approval of the salary board before the above individuals were appointed.

Officer Robert Cochran (Cochran) of the Old Lycoming Township Police Department was assigned to work on the September 20, 2013 and September 21, 2013 sobriety checkpoint in Williamsport. There was not much activity at the checkpoint, so Cochran was told go on patrol and look for impaired drivers. At approximately 1:00 A.M. on September 21, 2013, Cochran was driving a patrol car east on Washington Boulevard in the city of Williamsport. Cochran stopped at the intersection of Washington Boulevard and Penn Street. While stopped, Cochran saw a vehicle turn right from Penn Street onto Washington Boulevard. He did not see a turn signal as the vehicle turned. Cochran stopped the vehicle as it began to proceed east on Washington Boulevard. He identified the defendant as the driver of the vehicle.

In his motion, the defendant argues that he was

stopped in violation of the Municipal Police Jurisdiction Act because Cochran was outside of his jurisdiction. He argues that this court's order appointing the special county detectives does not conform to 16 P.S. § 1441 because it does not identify the person to be appointed as a special detective. In addition, the defendant argues that this court's order does not justify the stop because the stop occurred more than two years after the order, and 16 P.S. § 1441 allows for the appointment of a special detective for a "temporary" assignment.

During the suppression hearing, the defendant testified that he used a signal as he was turning onto Washington Boulevard. He argued that because Cochran was facing the driver side of the vehicle, Cochran could not see whether he used a right turn signal. The defendant further argued that because Cochran could not see whether he used a right turn signal, Cochran did not have reasonable suspicion or probable cause to stop him. The Commonwealth argued that Cochran could have determined whether the defendant used a turn signal. Additionally, it argues that even if Cochran could not see the turn signal when the defendant started the turn, Cochran still had reasonable suspicion to stop the defendant because he could see that the turn was not completed with a turn signal.

## II. Discussion

A. Officer Cochran had Reasonable Suspicion that the Defendant Violated the Motor Vehicle Code.

"Whenever a police officer...has reasonable suspicion that a violation of [the motor vehicle code] is occurring

or has occurred, he may stop a vehicle...for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa. C.S. § 6308(b). "Section 6308(b) allows a police officer to conduct a vehicle stop if he has reasonable suspicion to believe that a violation of the motor cehicle code is occurring or has occurred." *Commonwealth v. Holmes*, 14 A.3d 89, 95 (Pa. 2011).

"Upon a roadway no person shall turn a vehicle...without giving an appropriate signal in the manner provided in this section." 75 Pa. C.S. § 3334(a). "At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning." 75 Pa. C.S. § 3334(b).

Here, Cochran had reasonable suspicion that the defendant violated the motor cehicle code because he noticed that the defendant turned onto Washington Boulevard without using a turn signal. The defendant's argument that Cochran could not see whether he used a turn signal is unpersuasive because Cochran testified that he would have been able to see the flashing of the signal since it was nighttime, and he was able to see the right rear of the vehicle before a signal would have switched off.

B. The Stop did not Violate the Municipal Police Jurisdiction Act.

"Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases: (1) Where the officer is acting pursuant to an order issued by a court of record...." 42 Pa. C.S. § 8953(a)(1).

Here, Cochran was acting pursuant to this court's order of August 4, 2011, which appointed any and all members of the Old Lycoming Township Police Department as special county detectives for the purpose of working DUI roving patrols. Therefore, the stop did not violate Municipal Police Jurisdiction Act.

### III. Conclusion

Cochran had reasonable suspicion that the defendant violated the motor vehicle code. The stop did not violate the Municipal Police Jurisdiction Act because Cochran was acting pursuant to a court order.

### ORDER

And now, this day of December, 2014, based upon the foregoing opinion, it is ordered and directed that the defendant's motion to suppress evidence is hereby denied.